**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1017
_____

HARJIT SINGH,
Appellant

v.

WARDEN PIKE COUNTY CORRECTIONAL FACILITY;
DIRECTOR THOMAS DECKER, Philadelphia Office, USICE;
SARAH R. SALDANA; SECRETARY UNITED STATES
DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-15-cv-02494
District Judge: The Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 23, 2017

Before: SMITH, *Chief Judge*, JORDAN, and RENDELL, *Circuit Judges*

(Opinion Filed: June 8, 2017)

---

OPINION*

---

SMITH, *Chief Judge.*

By his own admission, Petitioner-Appellant Harjit Singh "first came to the United States on March 3, 2015, and entered through Texas without inspection[], and was almost immediately apprehended by U.S. Border Patrol, and detained." 10A (Pet.) ¶ 10. After Singh failed to prove to an asylum officer and an immigration judge that he had a credible fear of persecution or torture.[1] Singh was ordered removed under 8 U.S.C. § 1225(b)(1).

On December 29, 2015, Singh filed an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the District Court should review the Immigration Judge's finding of negative credible fear. Section 1252(e)(2) of Title 8 of the United States Code limits habeas review of determinations made under 8 U.S.C. § 1225(b)(1) to "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] "[I]f the interviewing asylum officer, or the [immigration judge] upon *de novo* review, concludes that the alien possesses a credible fear of persecution or torture, the alien is referred for non-expedited removal proceedings under 8 U.S.C. § 1229a, 'during which time the alien may file an application for asylum and withholding of removal.' 8 C.F.R. § 1208.30(g)(2)(iv)(B)." *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 n.4 (3d Cir. 2016).

(C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum." Singh's attempt to have the District Court review the credible fear determination did not fit in any of those categories. Accordingly, on January 4, 2016, the District Court denied Singh's petition for habeas corpus for lack of subject-matter jurisdiction.

Singh appeals, arguing that, because 8 U.S.C. § 1252 prevents courts from reviewing the merits of his habeas petition, the statute unconstitutionally "violates the Suspension Clause of the Constitution, and must be stricken." Singh Br. 15.

In *Castro v. United States Department of Homeland Security*, 835 F.3d 422 (3d Cir. 2016), *cert. denied*, 2017 WL 1366739 (U.S. Apr. 17, 2017), we held that 8 U.S.C. § 1252 does not violate the Suspension Clause when it deprives courts of jurisdiction to review the merits of habeas petitions filed by aliens who were "apprehended within hours of surreptitiously entering the United States" and who sought to prevent their removals by challenging negative credible fear determinations. *Castro*, 835 F.3d at 428, 445–49.[2] Singh is in the same factual circumstances as were the *Castro* petitioners. Therefore, under *Castro*, § 1252 did

---

[2] On October 31, 2016, the Clerk of the United States Court of Appeals for the Third Circuit, at our direction, wrote to counsel directing them "to file supplemental briefs addressing the impact of *Castro* . . . on or before November 28, 2016." The Government filed a supplemental brief stating that this case was indistinguishable from *Castro*. Singh's counsel did not file a supplemental brief.

not violate the Suspension Clause when it deprived the District Court of subject-matter jurisdiction over Singh's habeas petition. Accordingly, we will affirm.